**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| PAUL REEVES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TRUVIEW BSI, LLC,<br><br>　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**FCRA, 15 U.S.C. § 1681** *et seq.* |

## COMPLAINT

Plaintiff PAUL REEVES ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant TruView BSI, LLC ("TruView") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.　　　This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2.　　　The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3.      To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4.      The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5.      Defendant TruView has produced and sold consumer reports concerning Plaintiff's background that wrongfully and misleadingly reported inaccurate convictions on Plaintiff's consumer report. Specifically, Truview reported that Plaintiff was a convicted felon, when his conviction was for a misdemeanor.

6.      As a result of TruView's wrongful conduct, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to his employment qualifications, loss of income, and considerable stress and anguish.

## PARTIES

7.      Plaintiff Paul Reeves is a natural person and resident of Charlotte, North Carolina and qualifies as a "consumer" as defined and protected by the FCRA.

8.      Defendant TruView is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce.

9.      Defendant TruView is a New York limited liability company that maintains its primary place of business at 225 Broadhollow Road, Melville, New York 11747.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of North Carolina and violated Plaintiff's rights under the FCRA in the State of North Carolina as alleged more fully below.

11.     Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conducts regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

12.     Sometime prior to January 21, 2026, Plaintiff applied for much needed full-time employment with Aston Technologies.

13.     On or about January 21, 2026, Plaintiff received a formal offer of employment from Aston Technologies for the position of Network Engineer with an anticipated start date of March 16, 2026.

14.     Around that time, Aston Technologies contracted with Defendant TruView to purchase a consumer background report on Plaintiff to assess Plaintiff' employability.

15.     On or about January 26, 2026, Defendant TruView provided Aston Technologies with a consumer background report on Plaintiff.

16.     To Plaintiff's shock, on or about January 27, 2026, Aston Technologies informed Plaintiff that Plaintiff was being denied employment due to the results of the background check provided by Defendant. Specifically, Aston Technologies indicated that his employment was being denied because of a "felony" charge on his background report.

3

17.     When Plaintiff reviewed the consumer report prepared by Defendant, dated January 26, 2026, Plaintiff was horrified and confused to see that Defendant was reporting Case Number 25CR 219452 out of Mecklenburg County District Court as a felony conviction for larceny by employee.

18.     Plaintiff was aghast because, as reflected in the Mecklenburg County's public available court docket, the accurate disposition in Case Number 25CR 219452 was a conviction for misdemeanor larceny, a lesser offense.

19.     Under federal and state law, a felony is classified as a more serious criminal offense than a misdemeanor, typically punishable by imprisonment for more than one-year, significant fines, or even the death penalty in extreme cases.

20.     A felony conviction carries long-lasting consequences including, but not limited to, loss of voting rights, firearm restrictions, jury service restrictions, and difficulty obtaining employment or housing.

21.     A misdemeanor, by contrast, is a less severe offense, typically punishable by fines, probation, community service, or imprisonment in a local jail for up to one year.

22.     While a misdemeanor conviction may still have consequences, it does not carry the same level of stigma and penalties as a felony conviction, as evident from Aston Technologies denial of Plaintiff.

23.     Defendant's reporting is patently inaccurate and/or misleading because it misclassifies Plaintiff's conviction, and as such gives the adverse impression that Plaintiff was guilty of a more serious offense when as a matter of law, Plaintiff was not.

24.     The CFPB recently issued guidance affirming that "consumer reporting agencies must comply with their FCRA obligation to 'follow reasonable procedures to assure maximum

possible accuracy' under section 607(b). In particular, a consumer reporting agency that reports public record information is **not** using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that… it includes any existing disposition information if it reports arrests, criminal charges, eviction proceedings, or other court filings." CFPB, *Advisory Opinion on Fair Credit Reporting; Background Screening*, **89 Fed. Reg. 4171** (Jan. 23, 2024) (*FCRA Background Screening AO*).

25.     Moreover, "[a] violation is willful when it is inconsistent with 'authoritative guidance' from a relevant agency. As with any guidance issued by the CFPB on the FCRA… consumer reporting agencies risk liability… if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance." *Id.*

26.     Nonetheless, Defendant associated this inaccurate conviction information with Plaintiff to his prospective employer, and the Plaintiff was denied employment.

27.     Because of the inaccurate information provided to Aston Technologies by Defendant, Plaintiff was denied employment.

28.     As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on income. Additionally, Plaintiff has suffered emotional distress and frustration, including humiliation, financial instability, and feeling like Plaintiff has been represented as a perpetrator of crimes for which, as a matter of law, Plaintiff has not been found guilty.

29.     It is patently inaccurate and/or materially misleading to report an inaccurate conviction on Plaintiff's consumer background report.

30. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on Plaintiff's background report, Plaintiff would not have been denied employment with Aston Technologies.

31. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

32. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off a consumer report.

33. For example, upon information and belief, Defendant allowed an inaccurate charge to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

34. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

35. Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

36. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

37. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

38.     Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

39.     Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

40.     Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

41.     Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

42.     Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

43.     Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

44.     Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

45.     Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

46.     Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

47.     Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be

more expensive to independently verify the accuracy of the information it includes in its consumer reports.

48. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

49. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

50. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

51. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

52. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

53. Upon information and belief, Defendant knew or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

54. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

55. Upon information and belief, Defendant purchases public record information from third-party vendors.

56. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

57. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

58. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

59. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

60. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

61. As a direct result of Defendant's conduct, Plaintiff was denied employment with Aston Technologies.

62. As a direct result of Defendant's conduct, Plaintiff lost out on income from Aston Technologies.

63. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including humiliation, embarrassment, defamation, and frustration.

64. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity, and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

65. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

66. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

67. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e(b)

68. Plaintiff repeats and realleges the foregoing allegations in paragraph 1-67 as if fully set forth herein.

69. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added).

70. TruView violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

71. Specifically, TruView willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff's criminal record as a felony conviction, when in fact Plaintiff was only convicted of a misdemeanor.

72. TruView's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

73.     TruView is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

74.     As a result of TruView's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i.     Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii.     Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii.     Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 4, 2026

/s/ Ari Marcus
Ari Marcus, Esq.
North Carolina Bar No. 60687
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
ari@marcuszelman.com
*Attorney for Plaintiff*